UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

```
NATIONAL BANK OF ARIZONA, a        )
National Banking Association,      )   2:08-cv-02998-GEB-GGH
                                   )
          Plaintiff,               )
                                   )
     v.                            )   ORDER
                                   )
KOBRA ASSOCIATES, INC., a          )
California Corporation;  FOOD      )
SERVICE MANAGEMENT, a California   )
Corporation;  ABOLGHASSEM ALIZADEH,)
a married man dealing with his sole)
and separate property;  KOBRA      )
ALIZADEH, an unmarried woman;      )
AUSTIN F. WALLESTAD, an unmarried  )
man,                               )
                                   )
          Defendants.              )
_____)
```

On December 16, 2008, Plaintiff National Bank of Arizona ("NBA") filed an Ex Parte motion for the appointment of a receiver. NBA also filed a First Amended Complaint on December 17, 2008, to which exhibits are attached.[1]

Local Rule 66-232 prescribes: "A temporary receiver shall not be appointed without notice to the party sought to be subjected to receivership except upon an appropriate showing of necessity and immediacy of potential harm."  "The appointment of a receiver is considered an extraordinary remedy that should be employed with

---

[1] The following exhibits attached to that Complaint are not legible: Part 1, the nine page main document filed as docket number 28, and exhibit H in docket number 28.

1

great caution and granted only where such relief is clearly necessary to protect a plaintiff's interests in the relevant property." 12 Wright & A. Miller, <u>Federal Practice & Procedure</u> § 2983 at 24.  When, as here, the motion is made ex parte, and thus seeks to dispense with the notice requirement, it must be accompanied by averments demonstrating exigent circumstances exist warranting an unnoticed appointment.  It is unclear what imminent danger NBA will suffer if it is required to provide Defendants notice of a hearing on NBA's motion to appoint a receiver and an opportunity to respond to the motion.  Therefore, NBA shall provide Defendants with notice that a hearing is scheduled on NBA's motion to appoint a receiver on December 23, 2008, at 10:30 a.m.; Defendants opposition to the motion shall be filed no later than 3:00 p.m. on December 19, 2008; NBA's reply shall be filed by 3:00 p.m. on December 22, 2008.

Lastly, NBA indicates in the last paragraph of its motion that a preliminary injunction should issue.  However, Federal Rule 65 prescribes "The Court may issue a preliminary injunction only on notice to the adverse party;" thus, it is unclear what NBA requests in this portion of its motion.

Dated:  December 18, 2008

GARLAND E. BURRELL, JR.
United States District Judge