UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

NATIONAL BANK OF ARIZONA,  )
                           )   2:08-cv-02998-GEB-GGH
         Plaintiff,        )
                           )   ORDER TO SHOW CAUSE
    v.                     )   AND CONTINUING STATUS
                           )   (PRETRIAL SCHEDULING)
KOBRA ASSOCIATES, INC., a  )
California Corporation,    )
                           )
         Defendants.       )
_____)

The December 10, 2008, Order Setting Status (Pretrial Scheduling) Conference (" Order") scheduled a status conference in this case for March 30, 2009, and required the parties to file a joint status report no later than fourteen days prior to the status conference. The Order further required that a status report be filed regardless of whether a joint report could be procured. The status conference was continued to April 13, 2009, by Order filed on March 17, 2009, which also required a joint status report to be filed fourteen days prior to the hearing. No status report was filed.

Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed on later than 4:00 p.m. on April 28, 2009, why this action should not be dismissed for failure to obey a court order, and why sanctions should not be imposed against the Plaintiff and/or its counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall

1

also state whether Plaintiff or its counsel is at fault, and whether a hearing is requested on the OSC.[1]  If a hearing is requested, it will be held on May 11, 2009, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date.  In accordance with the requirements set forth in the Order, a status report shall be filed no later than fourteen days prior to the status conference.

IT IS SO ORDERED.

Dated:  April 6, 2009

GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged."  Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2