1  KEVIN T. COLLINS (SBN 185427)
   RAY A. SARDO (SBN 245421)
2  GREENBERG TRAURIG, LLP
   1201 K Street, Suite 1100
3  Sacramento, CA 95814-3938
   Telephone: (916) 442-1111
4  Facsimile: (916) 448-1709
   Email: collinskt@gtlaw.com; sardor@gtlaw.com
5
   Attorneys for Plaintiff
6  National Bank of Arizona

7

8                       UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| NATIONAL BANK OF ARIZONA, a national banking association, | CASE NO. 2:08-cv-02998-GEB-GGH |
| Plaintiff, | REVISED STIPULATION AND ORDER TO MODIFY PRETRIAL SCHEDULING ORDER |
| v. | |
| KOBRA ASSOCIATES, INC., a California corporation; SIERRA VALLEY RESTAURANTS, INC., a California corporation; FOOD SERVICE MANAGEMENT, INCORPORATED, a California corporation; ABOLGHASSEM ALIZADEH, a married man dealing with his sole and separate property; KOBRA ALIZADEH, an unmarried woman; AUSTIN F. WALLESTAD, an unmarried man; and UNKNOWN JUNIOR LIEN HOLDERS AS DOES 1-50, inclusive, | |
| Defendants. | |

Case No. 2:08-cv-02998-GEB-GGH
Revised Stipulation and Proposed Order to Modify Pretrial Scheduling Order
SAC 441,599,073 v1

## STIPULATION

Plaintiff, National Bank of Arizona ("NBA"), and defendants Abolghassem Alizadeh, Kobra Alizadeh, and Austin Wallestad, by and through their respective attorneys of record, and pursuant to Local Rule 66-144(e), hereby stipulate as follows:

## RECITALS

A.   On or about December 9, 2008, NBA filed this action, alleging that defendants had breached three loan agreements, and related documents, by, among other things, failing to make required principal and interest payments on three loans NBA made to defendants Kobra Associates, Inc., Abolghassem Alizadeh, and Austin Wallestad.  The three loans were secured by collateral.  The collateral includes, but is not limited to, personal property belonging to twenty-eight Jack in the Box franchises, including the franchises themselves.  NBA's complaint sought the appointment of a receiver to operate the twenty-eight Jack in the Box franchises, and damages for amounts alleged to be due and owing.

B.   On or about May 18, 2009, this Court issued a Status (Pretrial Scheduling) Order ("Order").  The Order provides, among other things, that "[t]he last hearing date for motions shall be February 8, 2010, at 9:00 a.m."  (Status (Pretrial Scheduling) Order, Document No. 75, filed 05/08/09).  The Order further provides that "[t]he parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (Pretrial Scheduling) Order shall not be modified except by leave of Court upon a showing of good cause.  Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause." *Id*.

C.   On or about September 18, 2009 defendants Kobra Associates, Inc., Food Service Management, Incorporated, and Sierra Valley Restaurants, Inc., (collectively "Bankruptcy Defendants") filed for bankruptcy protection.  The Bankruptcy Defendants' bankruptcy filings effectuated a stay of these proceedings against the three Bankruptcy

Defendants only. The Bankruptcy Defendants' bankruptcy filings did not effectuate a stay against individual defendants Abolghassem Alizadeh, Austin Wallestad, or Kobra Alizadeh.

D.   The twenty-eight Jack in the Box franchises that serve as NBA's collateral are scheduled to be sold at a bankruptcy sale that will be held in connection with the bankruptcy proceedings. The court-appointed trustee in the bankruptcy proceedings has indicated that the bankruptcy sale could take place as early as February 2010.

E.   NBA intends to file a Motion for Summary Adjudication against individual defendants Abolghassem Alizadeh, Austin Wallestad, and Kobra Alizadeh for, among other things, amounts due and owing under the three aforementioned loans.[1]  Pursuant to the Court's May 18, 2009, Order, February 8, 2010 is the last day for the Court to hear NBA's Motion for Summary Adjudication, which would require NBA to file its motion on or before January 8, 2010.

F.   In spite of the above deadline, NBA is willing to postpone filing its planned Motion for Summary Adjudication until after the bankruptcy sale because, depending on how much revenue is generated by the bankruptcy sale, NBA may no longer need to file its planned Motion for Summary Adjudication, which would spare the Court from having to rule on an unnecessary motion, and would spare the individual defendants from being subjected to individual monetary judgments.

G.   Moreover, even if the bankruptcy sale fails to generate sufficient revenue to extinguish defendants' debts, postponing the hearing on NBA's Motion for Summary Adjudication until after the bankruptcy sale is still in the individual defendants' best interests because revenue from the bankruptcy sale will help offset whatever judgment, if any, is obtained against the individual defendants. In short, to the extent a monetary judgment is obtained against the individual defendants, the monetary judgment will likely be less after the bankruptcy sale than before.

---

[1] NBA alleges that these individual defendants have guaranteed the loans and/or pledged personal property as security for the loans, and are therefore liable for amounts alleged due and owing.

Revised Stipulation and Proposed Order to Modify Pretrial Scheduling Order

SAC 441,599,073 v1

H.      Accordingly, NBA is willing to postpone filing its Motion for Summary Adjudication (and the date upon which the motion is heard) until after conclusion of the bankruptcy sale, so that the parties can determine:  (1) whether deficiency judgments are needed against the individual defendants and/or whether a Motion for Summary Adjudication is even necessary; and (2) if monetary judgments are sought against the individual defendants, whether the amount of such judgments should be offset by the revenue obtained from the bankruptcy sale.

I.      For the above reasons, good cause exists to continue the existing February 8, 2009 deadline for the Court to hear motions.  Extension of this deadline will help conserve judicial resources by ensuring that the Court does not devote its limited time to a matter that could subsequently be rendered moot.  Extension of the deadline is also in the parties' interests because, if NBA's planned Motion for Summary Adjudication is subsequently rendered moot, extension of the deadline would spare the parties the time and expense of preparing unnecessary moving and opposition papers.  Moreover, even if the bankruptcy sale fails to generate sufficient revenues to obviate the need for NBA's planned Motion for Summary Adjudication, postponement of the hearing date is still in the parties' best interest because it could result in smaller monetary judgments against the individual defendants than would otherwise be imposed.

J.      For the foregoing reasons, the parties respectfully request that the February 8, 2009 deadline for the Court to hear motions be extended until after the bankruptcy sale has concluded.  The parties propose that, at least preliminarily, the deadline be extended until May 31, 2010.

1   ACCORDINGLY, IT IS HEREBY STIPULATED THAT:

3   The Court's May 18, 2009 Order be amended such that:  (1) May 31, 2010 is the last day for motions to be heard; (2) the final pretrial conference currently scheduled for April 5, 2010 is continued until July 26, 2010; and (3) the trial date currently scheduled for July 6, 2010 is continued until October 26, 2010.

Dated:  December 16, 2009             GREENBERG TAURIG, LLP

By:    /s/ Kevin T. Collins
       Kevin T. Collins
       Ray A. Sardo
       Attorneys for Plaintiff
       National Bank of Arizona


                                       WAGNER KIRKMANBLAINE
                                       KLOMPARENS & YOUMANS LLP
Dated:  December 16, 2009


By: /s/ Patricia Lee (as authorized on
    December 16, 2009)
    Douglas E. Kirkman
    Patricia Lee
    Attorneys for Defendants Abolghassem
    Alizadeh, Kobra Alizadeh, Austin
    Wallestad

<u>ORDER</u>

IT IS SO ORDERED.  The last hearing date for motions shall be June 7, 2010, at 9:00 a.m. (The May 31, 2010 date requested by the parties is Memorial Day, a holiday on which court proceedings are not held).  The final pretrial conference is set for August 2, 2010, at 2:30 p.m.  A joint pretrial statement is to be filed seven days prior to the hearing.  Trial shall commence at 9:00 a.m. on October 26, 2010.

Date:  December 17, 2009

GARLAND E. BURRELL, JR.
United States District Judge